UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY



RECEIVED
MAR 17 2004
WILLIAM H. WALLS, USDJ

-----------------------------------------------------------X

Nilda GUTIERREZ, Linda MORGAN,
and Courtney JENKINS,

    Individually and as
    Class Representatives,

        Plaintiffs,

    v.

JOHNSON & JOHNSON,

        Defendant.

-----------------------------------------------------------X

Civil Action No. 01-5302 (WHW)

## STIPULATION AND ORDER

       **WHEREAS**, plaintiffs desire to move for class certification in this action, and file papers, including affidavits and exhibits, in support of that motion; and

       **WHEREAS**, those papers will include material that has been designated by defendant as "Confidential" or "Confidential Attorneys Eyes Only;" and

       **WHEREAS**, the Confidentiality Order entered by the Court on September 11, 2002 requires that all material designated by defendant as "Confidential" or "Confidential Attorneys' Eyes Only" be filed under seal; and

       **WHEREAS**, the parties desire to reach agreement on an orderly and efficient process for determining whether and to what extent material filed by plaintiffs with the Court under seal should remain under seal pursuant to applicable legal standards;

**IT IS HEREBY STIPULATED AND AGREED** that:

(1)     Plaintiffs will file their motion for class certification, together with all supporting briefs, affidavits and exhibits (hereafter referred to, collectively, as "the Class Motion,") under seal with the Court.

(2)     Within thirty (30) days of the filing of the Class Motion, the parties shall meet and confer concerning whether and to what extent material filed with the Class Motion ("Class Motion Material") should remain under seal.

(3)     Within forty-five (45) days of the filing of the Class Motion, defendant shall file a Motion ("Protective Order Motion") requesting that the Court continue to maintain under seal any Class Motion Material filed in connection with plaintiffs' Class Motion which the parties cannot agree should remain under seal. The Protective Order Motion shall also identify and request that the Court maintain under seal any and all Class Motion Material which the parties agree should remain sealed. The Protective Order Motion shall include defendant's arguments and legal and factual support for its positions. With respect to Class Motion Material about which the parties cannot agree, it will be the burden of the defendant to demonstrate to the Court that the Material is entitled to continued protection under the Federal Rules of Civil Procedure and applicable case law.

(4)     Within five (5) days following the filing of the Protective Order Motion, the parties will jointly identify to the Clerk of the Court in writing all Class Motion Material they have agreed shall no longer be filed under seal and may be available in the public record of this case. Within thirty (30) days of the date the Protective Order Motion is filed, plaintiffs may file a redacted version of the Class

Motion, redacting (a) any Class Motion Material covered by the Protective Order Motion and (b) any portion of the Class Motion or supporting brief that reveals Class Motion Material covered by the Protective Order Motion.

(5) If defendant fails to timely file the Protective Order Motion, plaintiffs will so notify the Clerk of the Court in writing. The parties agree that, unless defendant, within ten (10) days of that notice, moves to extend the Protective Order Motion deadline for good cause shown, the Court may, at plaintiffs' request, consider a range of appropriate actions, including an order that the portion of Class Motion Material about which the parties disagree shall no longer be sealed and shall be available in the public record of this case.

(6) Within sixty (60) days of the filing of the Class Motion, plaintiffs shall submit a brief in opposition to the Protective Order Motion setting forth their position on the Class Motion Material about which the parties disagree.

(7) Within seventy (70) days of the filing of the Class Motion, defendant shall submit a reply brief in support of the Protective Order Motion. The parties may agree in writing to extend the time periods set forth in paragraphs (2)-(7) without further order of the Court.

(8) The parties respectfully request that the Court resolve all disagreements as soon as practical after briefing and argument on the matter has been completed. Unless the Court determines otherwise, the parties agree that the Protective Order Motion may be referred to the Special Master for consideration and decision. If the Court refers the Protective Order Motion to the Special Master, it shall be pursuant to

the authority and procedures established in paragraph 1 of the Order of July 19, 2002 appointing the Special Master.

(9)     The parties shall file all briefs and other supporting papers related to the Protective Order Motion under seal within the time limits established above. In addition, the parties may also file an unsealed, redacted version that redacts (a) any Class Motion Material covered by the Protective Order Motion and (b) any portion of the supporting brief or other materials that reveals Class Motion Material covered by the Protective Order Motion. If a party chooses to file a redacted version, it shall be filed within ten (10) days of the date the original sealed version was filed.

Dated: March 17, 2004
       Newark, New Jersey

**MEHRI & SKALET, PLLC**

By:_____
       Cyrus Mehri

1300 19th Street, NW, Suite 400
Washington, DC  20036
(202) 822-5100

Attorneys for Plaintiffs

**PAUL WEISS RIFKIND WHARTON & GARRISON, LLP**

By:_____
       Jeh Charles Johnson

1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

Attorneys for Defendant

SO ORDERED:

_____
William H. Walls
United States District Judge