**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| NILDA GUTIERREZ, LINDA MORGAN, WAYNE BROWN & KRISTA MARSHALL | : : : : | |
| Plaintiffs, | : : | Civil Action No. 01-5302 (WHW) |
| v. | : : | **OPINION** |
| JOHNSON & JOHNSON, | : : : | |
| Defendant. | : : | |

**Walls, Senior District Judge**

Plaintiffs Nilda Gutierrez, Linda Morgan, Wayne Brown, and Krista Marshall ("Plaintiffs") and Defendant Johnson & Johnson ("Defendant") have requested that this Court resolve a discovery dispute which affects the management of this case. Plaintiffs sent three notices of deposition pursuant to Federal Rule of Civil Procedure 30(b)(6), seeking additional class discovery from Defendant. Defendant opposes this discovery because the time for class discovery has expired. Plaintiffs' request for additional class discovery is denied.

### FACTS AND PROCEDURAL HISTORY[1]

On November 15, 2001, Plaintiffs filed an employment discrimination suit on behalf of themselves and other similarly situated employees against Johnson & Johnson pursuant to Section 1981 of the Civil Rights Act of 1871, as amended by the Civil Rights Act of 1991, 42

---

[1]Additional factual background is recounted in the Court's December 19, 2006 Opinion wherein the Court denied Plaintiffs' motion for class certification. This Opinion only includes facts pertinent to the contested issue of further class discovery.

NOT FOR PUBLICATION

U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq. ("Title VII"), and the New Jersey Law Against Discrimination, N.J. Stat. § 10:5-1 et seq. ("NJLAD").  Plaintiffs allege both disparate treatment (pattern or practice) and disparate impact.  Plaintiffs are four, African American and Hispanic former employees of Johnson & Johnson who allege that they were discriminated against on account of their race by Johnson & Johnson's excessively subjective compensation and promotion practices.

On September 27, 2004, Plaintiffs moved to certify a class of approximately 8,600 class members of African and/or Hispanic descent employed by Johnson & Johnson in its thirty-five operating companies in any permanent salaried exempt or non-exempt position in the United States from November 15, 1997 to the present.  On December 19, 2006, this Court denied Plaintiffs' motion for class certification, having found that Plaintiffs had failed to meet their burden to demonstrate commonality, typicality, and adequacy.  Gutierrez v. Johnson & Johnson, 467 F.Supp. 2d 403 (D.N.J. 2006).  On January 19, 2007, Plaintiffs moved for reconsideration of the decisions denying class certification or, alternatively, asked the Court to certify a narrower class definition.  That motion was denied on April 10, 2007.  Gutierrez v. Johnson & Johnson, No. 01-5302, 2007 WL 110437 (D.N.J. Apr. 10, 2007).

On May 1, 2008, Plaintiffs served Defendant with three notices of deposition under Federal Rule of Civil Procedure 30(b)(6) ("Notices").  The Notices seek information regarding the "policies and practices related to the compensation system(s) applicable to salaried employees," and underlying details regarding the implementation of those practices at the three business units where Plaintiffs worked: Johnson & Johnson Worldwide Headquarters, Ethicon,

2

NOT FOR PUBLICATION

Inc. and Johnson & Johnson Health Care Systems.  (See Def.'s June 13 letter, Ex. D.)  Plaintiffs'

new discovery requests seek two purposes: (1) to develop the merits of Plaintiffs' individual

claims in the context of whether a pattern and practice of discrimination exists at the business

units;[2] and (2) to determine whether Plaintiffs can renew their motion for class certification with

a new suitable class definition at the business unit level.  (Pls.' July 7, 2008 Letter Br.)

Defendant opposes any additional discovery that would reopen issues on class certification.

(Def.'s July 14, 2008 Letter Br.)  After more than five years of class discovery, Defendant is

"anxious to move on" to the merits of the "four individual claims of discrimination by four

former employees" of Defendant.  (Id. at 3.)

## LEGAL STANDARD

In general, Rule 26 of the Federal Rules of Civil Procedure governs the scope of

discovery, while Rule 23 of the Federal Rules of Civil Procedure governs the conduct of a class

action.  Rule 26(b)(1) provides in relevant part that "[p]arties may obtain discovery regarding any

non-privileged matter that is relevant to any party's claim . . . .  Relevant information need not be

admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of

admissible evidence."  Fed. R. Civ. P. 26(b)(1).  While "the scope of discovery under the Federal

Rules is unquestionably broad, this right is not unlimited and may be circumscribed."  Bayer AG

v. Betachem, Inc. 173 F.3d 188, 191 (3d Cir. 1999).  "All discovery is subject to the limitations

imposed by Rule 26(b)(2)(C)."  Fed. R. Civ. P. 26(b)(1).  The court may limit discovery "if it

---

[2]Plaintiffs and Defendant use the term "business units," "operating companies" and
"subsidiaries" interchangeably.  For consistency, this Court will use the term "business units."

3

**NOT FOR PUBLICATION**

determines that:

> (I) the discovery sought is <u>unreasonably cumulative or duplicative</u>, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had <u>ample opportunity</u> to obtain the information by discovery in this action . . . ."

Fed. R. Civ. P 26(b)(2)(C) (emphases added).

Similarly, Rule 23(d) of the Federal Rules of Civil Procedure provides district courts with discretion to prevent unreasonable duplication.  Rule 23(d) provides in relevant part that "the court may issue orders that determine the course of proceedings or prescribe to <u>prevent undue repetition or complication</u> in presenting evidence or argument . . . . " Fed. R. Civ. P. 23(d)(1)(A) (emphasis added).

**DISCUSSION**

Plaintiffs seek additional class discovery at the three business units where Plaintiffs worked for information to support a possible second motion for class certification.  That request is denied.  Plaintiffs have not provided reasonable, even weak, grounds why this Court should allow discovery regarding any possible new theory of class certification after Plaintiffs have had more than five years of class discovery.

The parties do not dispute that they have exclusively devoted more than five years to class discovery which produced "a million pages of documents . . . [and] 82 depositions."  (Def.'s July 14, 2008 Letter Br. at 3.)  Parties also agree that, during this five year period, Plaintiffs were not restricted from discovering information related to the policies and practices of Defendant's business units.  Now, Plaintiffs request additional discovery relating to "the policies and practices

NOT FOR PUBLICATION

. . . at the three business units [of Johnson & Johnson] where the Plaintiffs worked." (Pls.' July 7, 2008 Letter Br. at 2.) At the July 21, 2008 oral argument, Plaintiffs admitted that they had failed to conduct discovery at the business unit level because for the last five years they were focusing on the company-wide/horizontal aspects of Defendant's organization. After losing their first motion for class certification, they are seeking discoverable information on the vertical aspects of Defendant's organization and at the business unit level. The Court is not impressed with this justification. Plaintiffs chose to spend the past five years focusing discovery efforts on the horizontal aspects of Defendant's organization. Neither this Court nor Defendant did anything to restrict the scope of Plaintiffs' discovery. The resources of this Court and Defendant should not be additionally taxed to give Plaintiffs another chance to take an opportunity that they failed to take because of their own misguided focus.

Plaintiffs' contention that they did not conduct discovery into the class issues at the business unit level is not entirely correct. In Plaintiff's Seventh Request for Production of Documents, Plaintiffs requested "[a]ll current Human Resources policies in force at the Operating Company of each Identified Person and relating to promotions, compensation or evaluations, including any and all previous versions of these policies," which is very similar to what they are currently requesting. (Pls.' Seventh Req. for Production of Docs. at ¶ 2 ("Seventh Doc. Req.").) At oral argument, Plaintiffs asserted that the Seventh Doc. Req. differs from the instant request because the 30(b)(6) Notices seek testimony while the Seventh Doc. Req. sought documents. The Court is not impressed with this asserted distinction. Plaintiffs had ample opportunity to seek class discovery at the business until level and did so in the manner they

**NOT FOR PUBLICATION**

chose.  While they claim that they did not depose individuals with the same information, that

failure was not due to any restrictions imposed by Defendant or this Court.  In fact, there were no

restrictions, nor did Plaintiffs identify any restrictions, during oral argument, on class discovery.

The Court will not, after five years of unrestricted opportunity, give Plaintiffs another chance to

discover information that they already began to discover and voluntarily declined to further

pursue.

     In Mantolete v. Bolger, the Ninth Circuit explained:

> Although in some cases a district court should allow discovery to aid the
> determination of whether a class action is maintainable, the plaintiff bears the burden
> of advancing a prima facie showing that the class action requirements of Fed. R. Civ.
> P. 23 are satisfied or that discovery is likely to produce substantiation of the class
> allegations.  Absent such a showing, a trial court's refusal to allow class discovery
> is not an abuse of discretion.

767 F.2d 1416, 1424 (9th Cir. 1985) (citing Doninger v. Pacific Northwest Bell, Inc., 564 F.2d

1304, 1313 (9th Cir. 1977) (affirming the district court's denial of plaintiff's motion for

additional class discovery before it denied her first motion for class certification because plaintiff

failed to show that she would likely substantiate her claim); see also Selwood v. Mennonite Ret.

Cmty. Inc., No. 5:04CV00021, 2004 U.S. Dist. LEXIS 17539 at *4-7 (W.D. Va. Aug. 31, 2004)

(denying plaintiff's motion for additional class discovery before plaintiff filed a motion for class

certification because, based on the nature of plaintiff's claim, she was not an appropriate class

representative).  After more than five years of open class discovery, after this Court denied

Plaintiffs' first and renewed motions for class certification, and after the Third Circuit dismissed

Plaintiffs' appeal of this Court's decision as untimely, Plaintiffs are basically seeking another

fishing expedition.  If the district courts in the Ninth Circuit and the W.D. of Va. may deny

NOT FOR PUBLICATION

discovery before a motion for class certification because a plaintiff fails to establish a prima facie

case for class certification, a fortiori, this Court may deny additional discovery after Plaintiffs

have had over five years of class discovery and have lost their motion for class certification.

Plaintiffs assert that they are entitled to class discovery because the Third Circuit, while

denying their appeal for untimeliness, suggested that Plaintiffs may, at any time before final

judgment, seek to alter or amend class certification orders.  Gutierrez v. Johnson & Johnson, 523

F.3d 187 (3d Cir. 2008).  Specifically, Rule 23 allows them to make motions for class

certification at any time before final judgment and class discovery is permissible "as long as the

discovery sought . . . is relevant within the meaning of Rule 26(b)(1) and is not unduly

burdensome or oppressive."  Zahorik v. Cornell Univ., 98 F.R.D. 27, 30 (D.C.N.Y. 1983)

(granting additional class discovery for the plaintiff's renewed motion for class certification after

the plaintiff conducted two years of class discovery and her first motion for class certification

was denied); Fed. R. Civ. P 23.  Plaintiffs' argument is flawed because Plaintiffs confuse a right

to file a renewed motion for class certification with a right to class discovery.  Rule 23 does not

convey a right to class discovery.  Although the court in Zahorik suggested that class discovery

should be allowed liberally, the Zahorik plaintiff requested additional answers to interrogatories

after only two years of discovery.  Here, Plaintiffs request additional depositions after more than

five years.  The Court has already liberally granted class discovery to Plaintiffs over the past five

years and Plaintiffs have provided no reasonable, or practical, basis for why this Court should

grant them additional class discovery.

While Plaintiffs' request for additional class discovery is denied, consistent with all

NOT FOR PUBLICATION

previous case management plans and scheduling orders, which Defendant does not dispute,

Plaintiffs are entitled to discovery into the merits of the individual Plaintiffs' claims during the

second phase of litigation.  However, that discovery must bear some relationship to their claims.

See generally Robbins v. Camden City Bd. of Educ., 105 F.R.D. 49, 55-62 (D.N.J. 1985).  To

that effect, discovery must relate to the individual plaintiffs' Title VII and NJLAD claims for

disparate treatment and disparate impact on their respective business units and during the time

periods when each were employed.  Such discovery period shall be until February 17, 2009.  The

parties are directed to consult with the Standing Master to fashion a scheduling order consistent

with this opinion.

Plaintiffs also seek the right to renew their motion for class certification on a narrower

class definition.  It is conceivable that during the second phase of discovery into the merits of the

individual plaintiffs' claims, Plaintiffs may discover new information to support their class

allegations.  As Rule 23 of the Federal Rules of Civil Procedure permits, "[a]n order that grants

or denies class certification may be altered or amended before final judgment."  Fed. R. Civ. P.

23(c)(1)(C).  If Plaintiffs are able to renew their motion for class certification obviously the Court

will consider it to determine the presence or absence of merit.

**NOT FOR PUBLICATION**

## CONCLUSION

Plaintiffs' motions to take discovery related to class certification issues are denied. The Court finds that while Plaintiffs may renew their motion for class certification at any time before final judgment, current and future discovery in this matter must bear relationship to Plaintiffs' individual claims.

.

**July 30, 2008**                                                  **s/William H. Walls**_____
                                                                                United States Senior District Judge

**Appearances**

Cyrus Mehri, Esq.
Mehri & Skalet, PLLC
1250 Connecticut Avenue NW, Suite 300
Washington, DC 20036

   Attorney for Plaintiffs Nilda Gutierrez, Linda Morgan, Wayne Brown, and Krista Marshall

Jeh Charles Johnson, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, New York 10019

   Attorney for Defendant Johnson & Johnson

9