UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------------------X
Nilda GUTIERREZ, Linda MORGAN,           :
Wayne BROWN and Krista MARSHALL,   :
                                                                       :
    Individually and as                                    :
    Class Representatives,                              :
                                                                       :
                    Plaintiffs,                                 : Civil Action No. 01-5302
                                                                       :
              v.                                                      :
                                                                       :
JOHNSON & JOHNSON,                                :
                                                                       :
                    Defendant.                             :
-------------------------------------------------------------------X

MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE PLAINTIFFS' RENEWED MOTION FOR
CLASS CERTIFICATION AND EXPERT REPORTS,
AND MOTION TO STAY CLASS PROCEEDINGS

Scott Alan George (SG 0897)              Cyrus Mehri (*pro hac vice*)
Seeger Weiss LLP                               Janelle M. Carter (*pro hac vice*)
550 Broad Street, Ste. 920                 Mehri & Skalet, PLLC
Newark, NJ  07102                             1250 Connecticut Ave., NW, Ste. 300
(973) 639-9100                                   Washington, DC 20036
sgeorge@seegerweiss.com            (202) 822-5100
                                                            cmehri@findjustice.com

Bennet D. Zurofsky (BZ 2005)
17 Academy Street, Ste. 1010           Steven M. Sprenger (*pro hac vice*)
Newark, NJ 07102                               Bryce M. Miller (*pro hac vice)*
(973) 642-0885                                   Sprenger & Lang, PLLC
bzurofsky@zurofskylaw.com         1400 Eye St., NW, Ste. 500
                                                            Washington, DC 20005
Thomas J. Henderson (*pro hac vice*)   (202) 265-8010
Henderson Law Firm, PLLC              ssprenger@sprengerlang.com
1425 K St., NW, Ste. 350
Washington, DC  20005
(202) 587-5687
tjh@hendersonfirm.net

*Counsel for Plaintiffs and the Class*

# Table of Contents

Table of Contents ................................................................................................. i

Table of Authorities ............................................................................................ ii

MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION AND EXPERT REPORTS, AND MOTION TO STAY CLASS PROCEEDINGS ....................................................................................................... 1

   INTRODUCTION ........................................................................................... 1

      ARGUMENT ............................................................................................. 4

        Plaintiffs' Renewed Motion is Markedly Different from Their Earlier Motion and Sets Forth Clear and Straightforward Grounds for Class Certification ....................................................................................... 4

        II.    Because the Evidentiary Record is Already Well-Developed and Essentially Unchanged from That Which was Before the Court at the Time of its Earlier Rulings, There is Little or No Need for Protracted Proceedings Before Ruling on the Certification of Plaintiffs' Proposed Class ................................................................................................... 10

   CONCLUSION ............................................................................................. 11

# Table of Authorities

**Cases**

*Baby Neal v. Casey*, 43 F.3d 48 ............................................................................................... 7

*Beck v. Maximus,* 457 F.3d 291 ................................................................................................. 7

*Berke v. Presstek*, 188 F.R.D. 179 ............................................................................................. 2

*Brown v. Nucor Corporation*, 2009 U.S. App. LEXIS 17643 ....................................................... 5

*Burkhead v. Louisville Gas & Electric Co.* 2008 U.S. Dist. LEXIS 32298 .................................. 10

*Great W. Life Assurance Co. v. Levithan*, 834 F. Supp. 858 .............................................................. 2

*Great W. Life Assurance Co. v. Levithan*, 834 F. Supp. ............................................................. 2

*Gutierrez v. Johnson & Johnson,* 2006 U.S. Dist. LEXIS 80834 ............................................. 8, 11

*Gutierrez. v, Johnson & Johnson*, 523 F.3d 187 ......................................................................... 1

*Gutierrez v. Johnson & Johnson*, 2008 U.S. Dist. LEXIS 58417 ...................................... 1, 10, 11

*Dillon v. Coles*, 746 F. 2d 998 ...................................................................................................... 7

*Gardner v. First American Title Ins. Co.*, 218 F.R.D. 216 .......................................................... 10

*Hoxworth v. Blinder, Robinson & Co.,* 980 F.2d 912 .................................................................. 8

*In re Initial Public Offering Sec Litig.*, 483 F. 3d 70 ................................................................... 9

*In re J.P. Morgan Chase Cash Balance Litigation*, 255 F.R.D. 130 ........................................... 10

*In re St. Jude Medical, Inc.*, 2009 U.S. Dist. LEXIS 54286 ........................................................ 10

*In re: Cmty. Bank of N. Va. & Guar. Nat'l Bank of Tallahassee Second Mortgage Loan Litigation*, 418 F. 3d 277 ....................................................................................................... 7

*In re: General Motors Corporation Pick-Up Truck Fuel Tank Products Liability Litigation*, 55 F. 3d 768 .................................................................................................................................. 7

*McClain v Lufkin Industries*,  519 F. 3d 264 ............................................................................... 5

*McNamara v. Felderof*, 410 F.3d 277 ......................................................................................... 1

*Milk Drivers, Dairy and Ice Cream Employees v. Roberts Dairy*, 219 F.R.D. 151 ........................ 2
*Pimental & Sons Guitar Makers, Inc. v. Pimental*, 229 F.R.D. 201 .............................................. 2

*Thompson v. Merck & Co.*, 2004 U.S. Dist. LEXIS 540 ............................................................ 10

**Statutes**
Fed. R. Civ. P. 12(f) .................................................................................................................... 1

Fed. R. Civ. P. 23(c)(1)(C) .......................................................................................................... 1

**Other Legal Authorities**
Moore's Federal Practice § 12.37[2](3d ed. 2004) ........................................................................ 2

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE PLAINTIFFS' RENEWED MOTION FOR
CLASS CERTIFICATION AND EXPERT REPORTS,
AND MOTION TO STAY CLASS PROCEEDINGS**

**INTRODUCTION**

Johnson & Johnson's motion to strike is an arrogant attempt to avoid coming to terms with the persistent and significant disparities in compensation that afflict its African American and Hispanic employees. In the first place, J&J's suggestion that Plaintiffs' renewed motion is somehow untimely or otherwise impermissible is flatly contradicted by this Court's holding that "Plaintiffs may renew their motion for class certification at any time before final judgment." *Gutierrez v. Johnson & Johnson*, 2008 U.S. Dist. LEXIS 58417 (D.N.J. July 30, 2008)*12.  *See also* Fed. R. Civ. P. 23(c)(1)(C); *Gutierrez. v, Johnson & Johnson*, 523 F.3d 187, 199 n.12 (3d Cir. 2008) ("Indeed . . . a district court is free to reconsider its class certification ruling as often as necessary before judgment.") (*quoting McNamara v. Felderof*, 410 F.3d 277, 280-81 (5th Cir. 2005)).

In the second place, under the Federal Rules a motion is to be opposed on the merits, not stricken.  Rule 12(f), the only provision in the Federal Rules for striking a pleading, not cited by J&J, was adopted to provide a "method of raising the insufficiency of a defense." Fed. R. Civ. P. 12(f) advisory committee's note.  It allows for the "strik[ing] from a *pleading* [of] an insufficient defense or any

1

redundant, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added).

By its terms, Rule 12(f) applies only to pleadings, not to motions. *See e.g.*, *Great W. Life Assurance Co. v. Levithan*, 834 F. Supp. 858, 864 (E.D. Pa. 1993)(A motion to strike under Rule 12(f) . . . is the proper method to eliminate matters *in pleadings* which are found to be redundant, immaterial, impertinent, or scandalous [or] to object to an insufficient defense."); *Milk Drivers, Dairy and Ice Cream Employees v. Roberts Dairy*, 219 F.R.D. 151, 153 (S.D. Iowa 2003) ("Under Rule 12(f), a court may only order items stricken from pleadings and not from motions."); *Pimental & Sons Guitar Makers, Inc. v. Pimental*, 229 F.R.D. 201, (D.N. Mex. 2005) ("Motions, briefs, or memoranda, objections, or affidavits may not be attacked by the motion to strike") (*quoting Moore's Federal Practice* § 12.37[2](3d ed. 2004).

Motions to strike are, in any event, disfavored and may be granted only on a showing "that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that the moving party is prejudiced by the presence of the allegations in the pleading." *Great W. Life Assurance Co. v. Levithan*, 834 F. Supp. at 864; *see also Berke v. Presstek*, 188 F.R.D. 179, 180 (D.N.H. 1998) ("[M]otions to strike are not favored [and]

challenged 'matter' in a pleading will not be stricken 'unless it is clear that it can have no possible bearing upon the subject matter of the litigation.'").

In addition to its procedural impropriety, J&J's motion rests on two mutually inconsistent propositions: first, that Plaintiffs' renewed motion for class certification is the same as their prior motion; and second that defending against the renewed motion would require an extensive and prolonged effort and create an unfair burden on Defendant. Both propositions are patently incorrect. Plaintiffs' renewed motion is decidedly new, specifically addressing and correcting the problems articulated by the Court in its ruling on the prior motion, and pointing to the specific common practices that cause the harm to the class. And while both sides will have a legitimate need for further discovery into the merits of the class claims, there is no need at all for protracted proceedings prior to class certification, because the renewed motion is based primarily on the same evidentiary record as the earlier motion.

Given the fundamental impropriety of J&J's motion, and the fact that it in any event addresses the merits of Plaintiffs' renewed motion, we submit that the motion to strike must simply be treated as an opposition to the renewed motion. Alternatively, the motion should be denied and followed by expedited briefing, allowing only for expert discovery.

# ARGUMENT

## I. Plaintiffs' Renewed Motion is Markedly Different from Their Earlier Motion and Sets Forth Clear and Straightforward Grounds for Class Certification

Contrary to the conclusory and unsupported claims advanced by J&J, Plaintiffs' renewed motion for class certification differs sharply from their prior motion. It directly and clearly addresses the concerns expressed by this Court in declining to certify the class Plaintiffs originally sought. It proffers a class that is more homogenous than the first class and is approximately one-third the size. And with the aid of a report, carefully prepared by a new expert, Dr. Richard Martell, Plaintiffs have identified and explained the practices that have caused the harm to the class:

- In setting initial salaries, each of the business units allow their hiring managers to rely on discretionary appraisals of a candidate's education and experience and to set the salary within a broad range;

- In evaluating performance for the purpose of determining merit increases and promotions, the business units employ a numbered rating scale that has ambiguous verbal anchors, that allows the raters discretion in recommending a rating,

- Performance ratings are then subjected to review in an unstructured "calibration" session that is populated largely by white managers.

*See* Pls.' Mem. at 26; *see also* Pls.' Mem. at pp. 3-5 and 7-14. Further, the new expert report by Plaintiffs' labor economists, Drs. Madden and Vekker, shows for the first time that the suspect practices have a material impact on the statistical

4

disparities that previously troubled the court. (Madden Rep. at 2, Pls.' Mem. Appx. B.)

Indeed, a close examination of these two expert reports in light of recent decisions by the Courts of Appeals in employment discrimination class actions demonstrate that plaintiffs in this renewed motion easily meet 23(a)(2) commonality. Dr. Martell's identification of suspect components within multiple component practices is sufficient to satisfy commonality in a disparate treatment claim under Title VII. *See McClain v Lufkin Industries*, 519 F. 3d 264, 278-79 ( 5th Cir. 2008) (the fact that there may be several components to the practices that produce the disparities does not defeat commonality). Dr. Madden's statistical analysis far exceeds the sufficient statistical showing required to satisfy commonality. *See Brown v. Nucor Corporation*, 2009 U.S. App. LEXIS 17643 at *17-21 ( 4th Cir. August 7, 2009) (statistical evidence that surpasses two standard deviations is sufficient for the class certification stage while burden of persuasion is left to the merits).

J&J conveniently ignores both the case law and the fact that Plaintiffs have concretely identified the practices causing the harm to the class. Instead, it attempts to discredit Dr. Martell's report, falsely asserting that he "did not analyze any HR policy or practice at the various individual operating companies or opine

5

on whether they are excessively subjective." *See* Def.'s Mem. at 18. In fact, this is *exactly* what he did do. As Dr. Martell explained, he

> compared the employment practices used to evaluate Johnson & Johnson employees and that direct compensation, promotion and career advancement decisions with social science research that identifies the types of employment practices that cause African American and Hispanic employees to be evaluated less favorably than their White counterparts.

*See* Report of Richard Martell at p. 7.

J&J further asserts, also falsely, that Plaintiffs have offered "no expert testimony to answer J&J's expert, Dr. James Outtz, who earlier concluded that HR policies and practices were implemented differently at each company and were consistent with best practices." *See* Def.'s Mem. at 18. In fact, Dr. Martell thoroughly addressed and rebutted Dr. Outtz's conclusions:

> To accept the basis of Dr. Outtz's opinion as even remotely plausible, one must turn a blind eye, first, to whether there are common elements of Johnson & Johnson's appraisal system that are used throughout the business units and corporate headquarters, and, second, if so, to whether any of these common elements may cause harm to employees based on their group membership. Indeed, by deliberately orienting his approach toward focusing on differences (and not similarities) in the appraisal practices that constitute Johnson & Johnson's performance evaluation system, *Dr. Outtz failed to recognize the obvious: If there are one or more common appraisal practices used throughout Johnson & Johnson's business units and its corporate headquarters to evaluate employee performance, to the extent any are tainted by racial bias, group-based harm will ensue.* Thus, even if many of Johnson & Johnson's business units and its corporate headquarters have their own management structure, that does not change the fact that there are still common appraisal practices in place for making performance ratings, the results of which are used in

6

> making decisions regarding an employee's compensation, promotion opportunities and career advancement.

*See* Martell Rep. at p. 9-10 (emphasis supplied).

The point highlighted by Dr. Martell, which J&J attempts to bury, is that not all policies have to be identical and even a single common employment practice is sufficient to produce harm to the class. Certainly there are differences in the implementation of the employment practices among J&J's business units. But the presence of "one or more common appraisal practices" causing harm to the class is more than sufficient to establish commonality under Rule 23(a). *See* e.*g., Beck v. Maximus,* 457 F.3d 291(3d Cir. 2006) ("'Rule 23(a) does not require that class members share every factual and legal predicate to meet the commonality and typicality standards.'" (*quoting In re: General Motors Corporation Pick-Up Truck Fuel Tank Products Liability Litigation*, 55 F. 3d 768, 817 (3d Cir. 1995)); *In re: Cmty. Bank of N. Va. & Guar. Nat'l Bank of Tallahassee Second Mortgage Loan Litigation*, 418 F. 3d 277, 303 (3d Cir. 2005) (same); *Baby Neal v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994) ( The commonality requirement is satisfied when the named plaintiffs "share at least one question of fact or law with the grievances of the prospective class."); *Hoxworth v. Blinder, Robinson & Co.,* 980 F.2d 912, 923 (3d Cir. 1992) ("[F]actual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.").

7

Drs. Madden and Vekker's new report links the disparities they find to the practices identified by Dr. Martell.  Their analysis shows that two thirds of the compensation differentials adversely impacting class members from 1997 to 2000 and eighty percent from 2001 through 2003 are due to inferior current job assignments, and that performance evaluations had an adverse racial differential in compensation within the current job assignment of between twenty-five and sixty percent and about half of the differential in promotions. (Madden Rep. at 2, Pls.' Mem. Appx. B.)   In criticizing these findings, J&J ignores the linkage between Dr. Martell's identification of common offending practices and the disparities spotlighted by Drs. Madden and Vekker.  However, the value of such a linkage was recognized by this Court in denying J&J's motion to strike Dr. Madden's earlier report. *Gutierrez v. Johnson & Johnson,* 2006 U.S. Dist. LEXIS 80834, at *15 (D.N.J. November 6, 2006) ("Dr. Madden's aggregated analysis may be highly relevant [ ] together with other evidence tending to show a pattern and practice of discrimination.").

Plaintiffs submit that their renewed motion establishes the requisites for certification of the requested class under Rule 23(b)(2). The new class is smaller and more homogeneous, and most important, Plaintiffs have demonstrated both the cause and the extent of the common harm experienced by members of the class.

8

Of course, J&J contests Plaintiffs' claims -- but this conflict should be resolved through normal motions practice, not by a motion to strike.

District courts have sometimes refused to hear an affirmatively baseless or entirely redundant motion for class certification. But as the cases cited by J&J confirm, they have done so only when they have affirmatively found that the proposed new class fails to meet the requirements of Rule 23, in other words by ruling on the merits of the motion; or when they have concluded that there is no difference between the proposed new class and one whose certification has already been denied. *See* Def.'s Mem. at pp. 11-14 and cases there cited.[1] Plaintiffs' renewed motion falls into neither category.

---

[1] *In re Initial Public Offering Sec Litig.*, 483 F. 3d 70, 73 (2d Cir. 2007)(noting that were the Plaintiffs to seek a "more modest class," it is confident that the District Court will give such a request "full and fair consideration."); *Burkhead v. Louisville Gas & Electric Co.* 2008 U.S. Dist. LEXIS 32298 (W.D. KY., APRIL 18, 2008) *6 (rejecting the filing of a "Supplemental Motion for Class Certification," directing the Plaintiffs instead to file a new motion for class certification.); *Thompson v. Merck & Co.*, 2004 U.S. Dist. LEXIS 540 (E.D. Pa. January 6, 2004) *8 (striking class allegations that were essentially the same as those earlier rejected in a companion case with a similarly proposed class of plaintiffs, same defendants, and same attorneys.); *In re St. Jude Medical, Inc.*, 2009 U.S. Dist. LEXIS 54286, at *14 (June 23, 2009) (striking plaintiffs' class allegations because it was not possible to certify a class under the Plaintiffs legal theory.); *In re J.P. Morgan Chase Cash Balance Litigation*, 255 F.R.D. 130, 133 (S.D.N.Y. 2009) (denying a motion to amend a class certification order in the absence of new factual or legal circumstances, certification of the *same* class having previously been denied by a different judge.). In *Gardner v. First American Title Ins. Co.*, 218 F.R.D. 216, 218 D. Minn. 2003), the defendant moved to strike plaintiffs' new motion to certify the same class whose certification had previously been denied. The court granted the

## II. Because the Evidentiary Record is Already Well-Developed and Essentially Unchanged from That Which was Before the Court at the Time of its Earlier Rulings, There is Little or No Need for Protracted Proceedings Before Ruling on the Certification of Plaintiffs' Proposed Class

Having first asserted that Plaintiffs' renewed motion offers nothing new, J&J goes on to assert that before it can be allowed to proceed to disposition, massive new discovery would be required.[2] Aside from the obvious self-contradiction of these assertions, in fact the opposite is the case. This Court has precluded further class discovery. *Gutierrez v. Johnson & Johnson*, 2008 U.S. Dist. LEXIS 58417 (D.N.J. July 30, 2008). The methodology employed by Drs. Madden and Vekker has already been accepted by this Court. *Gutierrez v. Johnson & Johnson,* 2006 U.S. Dist. LEXIS 80834 (D.N.J. November 6, 2006). J&J has already submitted its own expert reports analyzing and defending its employment practices and challenging the disparities Dr. Madden and Vekker found to be applicable to the larger class.

---

motion in part, but allowed the plaintiffs to present new facts in support of their motion.

[2] J&J also expresses a touching solicitude for the interests of the Plaintiffs, noting that proceeding with the renewed motion might delay the disposition of their individual claims. *See* Def.'s Mem. at 28-29. Suffice it to say, that it is the Plaintiffs who are advancing this renewed motion. They are members of the revised proposed class, and their own claims, like those of their fellow class members, are dependent on the ability to establish a pattern or practice of discrimination. *Cf.*, *Dillon v. Coles*, 746 F. 2d 998, 1004 (3d Cir. 1984).

J&J now suggests that in order to defend against the motion it characterizes as providing "nothing new," it will be necessary to go through this whole exercise again. But this is hardly the case. Plaintiffs submit that the Court has before it all that is necessary to make a ruling on Plaintiffs' renewed motion.[3] There is no reason to think that a new round of expert discovery will alter the picture at all, given the long-standing record on which the renewed motion is based. If any new class discovery or other pre-class certification evidentiary development is allowed, it should be focused exclusively on the expert reports that accompany Plaintiffs' renewed motion.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' respectfully submit that Defendant's motions to strike and for a stay of proceedings must be denied, and Plaintiffs' renewed motion for class certification submitted for disposition at the convenience of the Court.

Respectfully submitted,

/s/ Scott Alan George

---

[3] As noted in the August 26, 2009, letter to the Court, from Bennet Zurofsky, co-counsel for Plaintiffs, J&J's failure to file a timely opposition to Plaintiffs' renewed motion renders that motion ripe for disposition.

11

| | |
|---|---|
| Scott Alan George<br>Seeger Weiss LLP<br>550 Broad Street, Ste. 920<br>Newark, NJ  07102<br>(973) 639-9100<br>sgeorge@seegerweiss.com | Cyrus Mehri (*pro hac vice*)<br>Janelle M. Carter (*pro hac vice*)<br>Mehri & Skalet, PLLC<br>1250 Connecticut Ave., NW, Ste. 300<br>Washington, DC 20036<br>(202) 822-5100<br>cmehri@findjustice.com |
| Bennet D. Zurofsky<br>17 Academy Street, Ste. 1010<br>Newark, NJ 07102<br>(973) 642-0885<br>bzurofsky@zurofskylaw.com | Steven M. Sprenger (*pro hac vice*)<br>Bryce M. Miller (*pro hac vice*)<br>Sprenger & Lang, PLLC<br>1400 Eye St., NW, Ste. 500<br>Washington, DC 20005<br>(202) 265-8010<br>ssprenger@sprengerlang.com |
| Thomas J. Henderson (*pro hac vice*)<br>Henderson Law Firm, PLLC<br>1425 K St., NW, Ste. 350<br>Washington, DC  20005<br>(202) 587-5687<br>tjh@hendersonfirm.net | |

COUNSEL FOR PLAINTIFFS AND THE CLASS

Dated: September 8, 2009