## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---------------------------------------------------------X
Nilda GUITERREZ, Linda MORGAN,        :
Wayne BROWN and Krista MARSHALL   :
                                                                     :
    **Individually and as**                 :
    **Class Representatives,**            :
                                                                     :
                Plaintiffs,       :   Civil Action No. 01-5302
                                                                     :
      v.                                       :
                                                                     :
**JOHNSON & JOHNSON,**                   :
                                                                     :
                Defendant.      :
---------------------------------------------------------X

### MOTION FOR FINDINGS ON ISSUES OMITTED FROM JULY 30, 2010, OPINION AND ORDER

| | |
|---|---|
| Bennet D. Zurofsky (BZ 2005) | Cyrus Mehri (*pro hac vice*) |
| 17 Academy Street – Suite 1010 | Woodley B. Osborne (*pro hac vice*) |
| Newark, New Jersey 07102 | Janelle M. Carter (*pro hac vice*) |
| (973) 642-0885 | Mehri & Skalet, PLLC |
| bzurofsky@zurofskylaw.com | 1250 Connecticut Avenue, N.W. |
| | Suite 300 |
| Scott Alan George (SG 0897) | Washington, DC 20036 |
| Seeger Weiss LLP | (202) 822-5100 |
| 550 B road Street, Ste. 920 | |
| Newark, NJ 07102 | Thomas J. Henderson (*pro hac vice*) |
| (973) 639-9100 | Henderson Law Firm, PLLC |
| sgeorge@seegerweiss.com | 1666 Connecticut Avenue, N.W. |
| | Washington, D.C. 20036 |
| | (202) 587-5687 |
| U.W. Clemon, Esq. (*pro hac vice*) | tjh@hendersonfirm.net |
| White, Arnold & Dowd | |
| 2025 Third Avenue, North | Steven M. Sprenger (*pro hac vice*) |
| Birmingham, AL 35203 | Bryce M. Miller (*pro hac vice*) |
| (205) 241-3124 | Sprenger & Lang, PLLC |
| | 1400 Eye Street, NW, Ste. 500 |
| | Washington, D.C. 20005 |
| | (202) 265-8010 |
| | ssprenger@sprengerlang.com |

COUNSEL FOR THE PLAINTIFFS AND THE CLASS

Plaintiffs hereby move this Court, pursuant to Rules 52(b) and 60(a), and in light of Rule 23 precedent requiring that the Court make necessary "inquiry into the underlying elements of the case," *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 167 (3d Cir. 2001), quoting 7B Wright, Miller & Kane, § 1785, p. 16 (West Supp.2000), to make findings and holdings with respect to the two common practices, of the six identified and argued by the Plaintiffs as a basis for establishing commonality under Rule 23(a), that are not addressed in the Court's July 30, 2010 Opinion.

In that Opinion denying class certification, the Court wrote:

> In their renewed motion, Plaintiffs' expert, Dr. Martell, has identified three policies and practices common to all J&J subsidiaries that he says allow for excessive subjectivity: J&J's initial compensation-setting system; its performance appraisal instrument; and its annual calibration sessions at which performance ratings are finalized.

Opinion, at 10.[1]  The Opinion goes on to discuss and reach conclusions as to each of those three policies and practices.  Opinion, at 10-12.

The Opinion overlooked the fact that Dr. Martell's Report identified an additional policy and practice as common to the class—namely Defendant J&J's failure to act to

---

[1] Dr. Martell's Report identifies two components of the J&J's performance appraisal instrument as separate common practices: 1) the "what objectives are met" component, and 2) the "how objectives are met" component. Expert Report of Dr. Martell ("Martell Report"), Pls. Renewed Mot. for Class Certification, App. A, pp. 21- 23, 36-40.

investigate and validate its performance appraisal system and other policies in the face of knowledge that they were having an adverse effect on African American and Hispanic employees. Martell Report, Renewed Motion for Class Certification, App. A, pp. 51-66.

The Court's Opinion is also silent on the further policy and practice Plaintiffs identified and argued as common to the class—that J&J failed to adequately post job vacancies so all employees were aware of and could apply for promotions and managers would have the opportunity to compare the qualifications and select from among all interested and qualified applicants, rather than making unconstrained personal judgments in filling vacancies. Plaintiffs' Renewed Motion for Class Certification at 24-28; Reply Brief at 12.

In support of this motion, Plaintiffs state as follows:

1.   In their Second Amended Complaint, Plaintiffs specifically allege as examples of the Defendant's class-wide discrimination, its lack of an adequate job posting system to ensure that vacancies were made known to all employees and selections were made on objective factors, and Defendant's failure to monitor and validate its employment practices and to act in response to evidence that they were discriminatory. Second Amended Complaint ¶¶ 47-50, 89-93.

2.   The Defendant's failure to monitor also was argued to the Court at the first

class certification hearing.  December 5, 2006 Class Certification Hearing ("Dec. 2006 Tr."), Ex. A at 16-17.  As was the Defendant's failure to post job vacancies.  Dec. 2006 Tr. at 23-26.

3.  In their Memorandum in Support of Renewed Motion for Class Certification, Plaintiffs again argued, among other things, that Defendant's failure to post available positions was a common practice and that "J&J has failed to monitor its compensation procedures, its system of performance evaluations, its promotion practices, and its succession planning ratings."  Plaintiffs' Mem. in Supp. of Class Certification, at 22, 24-28; Reply Brief at 12.

4.  At the July 8, 2010, class certification hearing, class counsel responded to the Court's earlier admonition to "fish or cut bait," *see* Dec. 2006 Tr. at 19, 53, by identifying six "fish" they argued constituted excessively subjective policies common to all members of the class. The fifth and sixth of those "fish" were identified as the Defendant's failure to monitor and the failure to post, respectively.[2]  Moreover, the Court itself extensively inquired into those precise issues.  July 2010 Tr. at 25-29, 63-85.

5.  Plaintiffs have presented evidence and have argued that these policies and

---

[2] "The fifth fish [*i.e,* common practice] is a failure to monitor. And the sixth fish is the failure to post." Transcript of July 8, 2010 class certification hearing ("July 2010 Tr."), Ex. B at 7, 8.

3

practices of the Defendants are both common to members of the class and have a discriminatory effect on African American and Hispanic members of the class. As such, these policies and practices provide the basis for common questions of law and fact under Rule 23(a) as to whether Defendant is liable for disparate impact and disparate treatment discrimination. Accordingly, they provide alternative bases for certification of the class proposed by Plaintiffs that the Court has not yet addressed.

Wherefore, Plaintiffs respectfully request the Court to make findings and holdings on their motion for class certification regarding Defendant's failure to monitor and act to address the discriminatory effects of its policies, and its policy of selecting promotional candidates without a process requiring the posting of vacancies.

Respectfully submitted,

_____/s/_____

| | |
|---|---|
| Scott Alan George (SG 0897)<br>Seeger Weiss LLP<br>550 Broad Street<br>Newark, NJ 07102<br>(973) 639-9100<br>sgeorge@seegerweiss.com | Cyrus Mehri (*pro hac vice)*<br>Woodley B. Osborne (*pro hac vice*)<br>Janelle M. Carter (*pro hac vice*)<br>Mehri & Skalet, PLLC<br>1250 Connecticut Avenue, N.W,<br>Suite 300<br>Washington, D.C. 20036<br>cyrus@findjustice.com |
| Bennett D. Zurofsky (BZ 2005)<br>17 Academy Street - Suite 1010<br>Newark, NJ 07102<br>(973) 642-0885<br>bzurofsky@zurofskylaw.com | Thomas J. Henderson (*pro hac vice*)<br>Henderson Law Firm, PLLC<br>1666 Connecticut Avenue, N.W.<br>Washington, D.C. 20036<br>(202) 742-7447<br>tjh@hendersonfirm.net |
| U.W. Clemon (*pro hac vice*)<br>White Arnold & Dowd P.C.<br>2025 Third Avenue North, Ste. 500<br>Birmingham, AL 35203<br>uwclemon@waadlaw.com | Steven M. Sprenger (*pro hac vice*)<br>Bryce M. Miller (*pro hac vice*)<br>Sprenger & Lang, PLLC<br>1400 Eye Street, NW, Ste 500<br>Washington, D.C. 20005<br>202) 265-8010<br>sspenger@sprengerlang.com |

**COUNSEL FOR THE PLAINTIFFS AND THE CLASS**

Dated: August 9, 2010.