**FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| NILDA GUTIERREZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JOHNSON & JOHNSON <br><br> Defendants. | **AMENDED OPINION** <br><br> Civ. No. 01-5302 (WHW) |

**Walls, Senior District Judge**

Plaintiffs have moved this Court to make additional findings and holdings to supplement the July 30, 2010 opinion, which denied plaintiffs' renewed motion for class certification. See Gutierrez v. Johnson & Johnson, Civ. No. 01-5302, 2010 WL 2990589 (D.N.J. July 30, 2010) (the "July Opinion"). The motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.

Plaintiffs argue that in resolving their renewed motion for class certification, the Court overlooked two practices that plaintiffs allege are common to the proposed class: (1) Johnson & Johnson's failure to monitor its performance appraisal system, and (2) Johnson & Johnson's failure to post job vacancies in a uniform manner. Plaintiffs' lengthy moving papers suggest that plaintiffs did not themselves consider either argument worthy of emphasis. The failure to monitor argument is buried within a protracted expert report.[1] Plaintiffs raised the failure to post argument for the first time at oral argument.

---

[1] Dr. Martell repeatedly states that his report identifies *three* employment practices common to Johnson & Johnson's disparate business units: (1) the initial compensation-setting system; (2) the rating instrument for evaluating work performance; and (3) the end-of-the-year calibration process. See Expert Report of

1

This Court carefully considered each of the arguments raised by plaintiffs and defendants, including these two, which it explored at oral argument. It is remarkable that plaintiffs would have the Court painstakingly scrutinize arguments that plaintiffs found barely worthy of mention. Judicial resources are not so vast. The motion is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are set out at length in the July Opinion and need not be repeated here. A brief recitation of the procedural history, however, is in order.

Plaintiffs first moved for class certification on September 27, 2004.[2] The motion was denied on December 19, 2006 because plaintiffs failed to satisfy the requirements of Federal Rule of Civil Procedure 23(a). In particular, plaintiffs failed to identify a Johnson & Johnson employment practice that was common to the putative class members and excessively subjective. Gutierrez v. Johnson & Johnson, 467 F. Supp. 2d 403, 411 (D.N.J. 2006) ("In short, Plaintiffs . . . made no showing that the established employment policies permitted excessive subjectivity in compensation, evaluation, or promotion. . . . Plaintiffs have not demonstrated the required nexus between their statistical analyses and a policy or practice."). The Court further observed that "the very diversity of the putative class also undermines Plaintiffs' allegations of commonality." Gutierrez v. Johnson & Johnson, 467 F. Supp. 2d 403, 412 (D.N.J. 2006).

Plaintiffs renewed their motion and this Court heard oral argument on July 8, 2010. Again, this Court denied the motion for class certification, finding that the newly

---

Richard F. Martell, Ph.D., at 17 ("**IV. JOHNSON & JOHNSON'S BUSINESS UNITS AND CORPORATE HEADQUARTERS RELY ON THREE COMMON EMPLOYMENT PRACTICES FOR EVALUATING WORK PERFORMANCE**") (emphasis in original). That Dr. Martell does not identify Johnson & Johnson's failure to monitor suggests that this argument has less merit as an allegedly common practice capable of justifying class certification.

[2] Plaintiffs originally filed this motion on August 16, 2004, but it was withdrawn by the Court with leave to refile.

proposed class, although reduced in number from the first proposed class, remained too diverse with respect to the occupations and professions of the proposed class members. This occupational-professional diversity "undermined plaintiffs' allegations of commonality," and "render[ed] the case *unmanageable*." Gutierrez v. Johnson & Johnson, Civ. No. 01-5302, 2010 WL 2990589, at *7 (D.N.J. July 30, 2010) (emphasis in original). The Court also found that none of the allegedly common practices identified by plaintiffs were entirely subjective as required by Falcon, and so could not justify a finding of commonality. Id. at 6-7; see Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 155, 102 S. Ct. 2364, 72 L.Ed.2d 740 (1982).

Plaintiffs made this motion for additional findings and holdings on August 9, 2010. Defendants opposed the motion on August 23, 2010.

## LEGAL STANDARD AND DISCUSSION

Plaintiffs have moved for additional findings under Federal Rules of Civil Procedure 52(b) and 60(a).

Rule 52(b) states: "On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings – or make additional findings – and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59." Fed. R. Civ. P. 52(b). The Third Circuit has described this rule as "allow[ing] the court to correct plain errors of law or fact, or, in limited situations, allows the parties to present newly discovered evidence." Moss v. Potter, No. 07-2779, 2007 WL 2900551, at *2 n.2 (3d Cir. 2007); Gutierrez v. Gonzales, 125 Fed. Appx. 406 (3d Cir. 2005). Plaintiffs do not contend that the Court committed plain error of law or fact, and do not offer any newly discovered evidence. Even if plaintiffs had contended such,

3

Rule 52(b) is permissive, not mandatory. See U.S. v. Martin, 186 F. Supp. 2d 553 (E.D. Pa. 2002). The Court declines to grant plaintiffs' motion under Rule 52(b).

Plaintiffs have also moved under Rule 60(a):

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Fed. R. Civ. P. 60(a). The Third Circuit has explained that this Rule "is limited to the correction of 'clerical mistakes'; it encompasses only errors 'mechanical in nature, apparent on the record, and not involving an error of substantive judgment.'" Pfizer Inc. v. Uprichard, 422 F.3d 124, 129-130 (3d Cir. 2005) (quoting Mack Trucks, Inc. v. Int'l Union, UAW, 856 F.2d 579, 594 n.16 (3d Cir. 1988)).

More precisely, the Third Circuit has adopted the Fifth Circuit's test to determine the applicability of Rule 60(a):

> [T]he relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule. As long as the intentions of the parties are clearly defined and all the court need do is employ the judicial eraser to obliterate a mechanical or mathematical mistake, the modification will be allowed. If, on the other hand, cerebration or research into the law or planetary excursions into facts is required, Rule 60(a) will not be available to salvage [a party's] blunders. Let it be clearly understood that Rule 60(a) is not a perpetual right to apply different legal rules or different factual analyses to a case. It is only mindless and mechanistic mistakes, minor shifting of facts, and no new additional legal perambulations which are reachable through Rule 60(a).

Pfizer, 422 F.3d at 130 (quoting In re W. Tex. Mktg., 12 F.3d 497, 504-05 (5th Cir. 1994). In short, "Rule 60(a) does not authorize the District Court to correct any and all wrongly decided substantive issues after the fact." In re Diet Drugs, 200 Fed. Appx. 95

4

(3d Cir. 2006). Rather, the purpose of Rule 60(a) is to allow courts to make an easy correction of a mistake such as a typo or a calculation error.

Plaintiffs concede that "the Court itself extensively inquired" into Johnson & Johnson's failure to monitor and failure to post at the oral argument for the renewed motion for class certification. (Pls.' Mot. 3.) The Court's failure to address the two omitted issues was not a mechanical error or clerical oversight. Rather, the omission is more properly characterized as substantive. Rule 60(a) does not apply.

None of the statutory provisions raised by plaintiffs allow this Court to make additional findings and holdings. Even if they did, the failure to monitor and failure to post arguments could not change the result, for three reasons.

1. *The Court's Analysis Clearly Encompassed the Two Undiscussed Arguments*

The July Opinion expressly considers the three main practices (the three biggest "fish," as plaintiffs bizarrely insist on labeling them) put forth by plaintiffs as excessively subjective and common to the proposed class. The July Opinion makes fuller statements, such that the Court's analysis and rationale encompassed the arguments that Johnson & Johnson failed to monitor its performance appraisal system and failed to post job vacancies. In particular, having extensively addressed these arguments at oral argument, the Court's statement that "plaintiffs had failed to identify any policy or practice common to the putative class that was excessively subjective," is most reasonably interpreted to include the failure to monitor and failure to post arguments. Gutierrez v. Johnson & Johnson, Civ. No. 01-5302, 2010 WL 2990589, at *1 (D.N.J. July 30, 2010).

Moreover, the July Opinion found that the myriad diversity of the proposed class and Johnson & Johnson's decentralized management structure weighed against both commonality and manageability, a proper inquiry under Hohider v. U.P.S., 574 F.3d 169,

5

202 (3d Cir. 2009). See Gutierrez v. Johnson & Johnson, Civ. No. 01-5302, 2010 WL 2990589, at *7 (D.N.J. July 30, 2010) (discussing the excessive occupational-professional diversity of the proposed class and the manner in which such diversity undermines commonality and manageability). Such finding envelops the failure to monitor and failure to post arguments.

*2. Courts Are Not Obliged To Expressly Address Every Issue Raised By a Party*

A district court cannot be shown to have overlooked an argument simply because the court does not expressly discuss it in an opinion. Kelly v. Hendricks, Civ. No. 03-2536, 2006 WL 231570, at *3 (D.N.J. Jan. 30, 2006); Byrne v. Calastro, Civ. No. 05-CV-68, 2006 WL 2506722 (D.N.J. Aug. 28, 2006). Rather, "[a]n argument may be regarded as having been considered if it is presented to the court in written submissions and in oral argument." Kelly v. Hendricks, Civ. No. 03-2536, 2006 WL 231570, at *3 (D.N.J. Jan. 30, 2006).

A judicial decision should be a reasoned decision; it should provide a public statement of the underlying reasons in order to ensure that the public retains confidence in the judicial system. See Rita v. United States, 551 U.S. 338, 356 (2007). In the Third Circuit, district courts should "furnish an explanation 'sufficient for us to see that the particular circumstances of the case have been given meaningful consideration'" in order to make possible meaningful substantive review. United States v. Merced, 603 F.3d 203, 216 (3d Cir. 2010) (discussing opinions related to the sentencing guidelines under 18 U.S.C. § 3553). But the law does not require courts to provide an exhausting analysis of every minor argument that parties raise. Rather, it is left to the "the judge's own professional judgment," whether to address a particular argument or not. Rita, 551 U.S. at 356. This Court reviewed plaintiffs' submissions carefully. This Court is satisfied that

6

it stated its reasons clearly and thoroughly, and expressly addressed those arguments that most merited discussion.

*3. The Two Omitted Arguments Could Not Themselves Change the Outcome of the July Opinion.*

Plaintiffs argue that their failure to monitor argument, which even their expert, Dr. Martell, viewed as minor, ought to have been addressed by the Court's July Opinion. The Court considered this argument in the course of denying plaintiffs' first motion for certification; its finding applies equally to the renewed motion:

> Given that Plaintiffs are unable to identify a single excessively subjective employment practice, their failure to monitor argument necessarily collapses. Plaintiffs cannot make a showing that corporate headquarters failed to ensure that human resources policies were implemented in a non-discriminatory manner across the operating companies if they cannot point to any discriminatory practices at the individual operating companies.

Gutierrez v. Johnson & Johnson, 467 F. Supp. 2d 403, 412 (D.N.J. 2006). The failure to monitor argument can hold no water in the renewed motion for certification because plaintiffs failed there, as before, to identify a single excessively subjective employment practice common to the proposed class.

A similar fate holds for the failure to post argument. In the 2006 opinion denying plaintiffs' first motion for class certification, the Court found that "Plaintiffs have failed to identify *any* policy that they allege is the source of discrimination." Gutierrez v. Johnson & Johnson, 467 F. Supp. 2d 403, 411 (D.N.J. 2006). Plaintiffs moved for reconsideration, in part on the ground that the Court had not addressed their failure to post argument. The Court replied that it had already considered the failure to post argument, and "[t]he Court previously concluded . . . that Plaintiffs failed to meet their burden of proof." Gutierrez v. Johnson & Johnson, Civ. No. 01-5302, 2007 WL 1101437, at *4 (D.N.J. Apr. 10, 2007).

7

Plaintiffs submitted no briefing on the failure to post in pursuing their renewed motion for class certification. They resuscitated the theory for the first time at oral argument, in what can only be described as a last ditch effort to raise any and all arguments that might be remotely relevant to the motion. Because they submitted no new additional evidence to buttress the theory, the Court's initial finding holds. Plaintiffs again failed to meet their burden to demonstrate, as required, that job posting policies were common across Johnson & Johnson, a decentralized corporation with autonomous sub-companies. There was no need for the Court to resay the obvious.

## CONCLUSION

Plaintiffs' motion is denied because the statutory basis for the motion is inapt. At oral argument the Court fully explored the theories that plaintiffs claim were overlooked, and found them to lack merit. The July Opinion encompassed the failure to monitor and failure to post arguments.

IT IS on this 8th day of October, 2010,

ORDERED that plaintiffs' motion for additional findings and holdings is DENIED.

**s/ William H. Walls**
United States Senior District Judge